PT:LXN/MKM
F.#2010R02042

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

CHRISTOPHER CIELEPAK,

        Defendant.

I N F O R M A T I O N

Cr. No. <u>13-551 (ILG)</u>
(T. 18, U.S.C.,
§§ 894(a)(1),
981(a)(1)(C), 982(a),
982(b), 1341, 1956(h), 2
and 3551 <u>et seq.</u>; T. 21,
U.S.C., §§ 853(p),
960(b)(4) and 963; T. 28,
U.S.C., § 2461(c).

- - - - - - - - - - - - - - -X

THE UNITED STATES ATTORNEY CHARGES:

<u>COUNT ONE</u>
(Mail Fraud)

    1.    In or about and between May 2009 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER CIELEPAK, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the Port Authority of New York and New Jersey (the "Port Authority"), and to obtain money and property from the Port Authority by means of materially false and fraudulent pretenses, representations and promises, to wit: false and fraudulent representations to the Port Authority on a background qualification questionnaire (the "Questionnaire"), and for the purpose of executing such scheme and artifice, did place and cause to be placed in a post office and authorized depository

for mail matter, one or more matters and things to be sent and
delivered by Federal Express, a private and commercial interstate
carrier, to wit: the Questionnaire, which was sent from Queens,
New York, to the Port Authority, Office of Inspector General, in
Hoboken, New Jersey.

(Title 18, United States Code, Sections 1341, 2 and
3551 et seq.)

<u>COUNT TWO</u>
(Conspiracy to Commit Money Laundering)

2.    In or about and between May 2009 and October 2010,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendant CHRISTOPHER
CIELEPAK, together with others, did knowingly and intentionally
conspire to conduct one or more financial transactions in and
affecting interstate commerce, which transactions in fact
involved the proceeds of specified unlawful activity, to wit:
mail fraud, contrary to Title 18, United States Code, Section
1341, knowing that the property involved in such transactions
represented the proceeds of some form of unlawful activity, and
knowing that such transactions were designed in whole and in part
to conceal and disguise the nature, the location, the source, the
ownership and the control of the proceeds of the specified

unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT THREE
### (Extortionate Collection of Credit Conspiracy)

3.    In or about and between July 2012 and December 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER CIELEPAK, together with others, did knowingly and intentionally conspire to participate in the use of extortionate means to collect and attempt to collect an extension of credit from John Doe, an individual whose identity is known to the United States Attorney.

(Title 18, United States Code, Sections 894(a)(1), 2 and 3551 et seq.)

## COUNT FOUR
### (Conspiracy to Import Marijuana)

4.    In or about and between January 2010 and June 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER CIELEPAK, together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I

controlled substance, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1).

(Title 21, United States Code, Sections 963 and 960(b)(4); Title 18, United States Code, Sections 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION FOR COUNT ONE

5.   The United States hereby gives notice to the defendant charged in Count One that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

6.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION FOR COUNT TWO

7.    The United States hereby gives notice to the defendant charged in Count Two that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a), of all property involved in such offense and all property traceable to such property.

8.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

6

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a) and 982(b))


LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK